# Dixon v. Dixon.

February 10, 1950.

Watt M. Prichard, Judge.

Thomas Burchett for appellant.

Davis M. Howerton for appellee.

CLAY, COMMISSIONER—Affirming.

In this action the wife sued for, and was granted, a divorce on the grounds of cruel and inhuman treatment. There is no complaint about that part of the judgment giving her custody of their infant daughter and allowing $25 a month for her maintenance. The wife was also awarded $25 a month alimony. The Chancellor did not disturb the joint title of the parties in the real estate. The husband attacks the allowance of alimony, and by cross-appeal the wife asks that the husband's one-half interest in the home property be restored to her.

The trouble started between the parties when the husband was in the armed services from 1942 to 1945. The wife went to work and purchased the property involved, apparently over his objections. On his return

his attitude toward his wife hád changed, and he showed a lack of affection for both her and his child. He threatened on several occasions to leave. He was insistent that she convey to him a one-half interest in the house she had purchased, which she finally did. While the wife's grounds for divorce were not overwhelmingly supported, it does appear that the husband was at fault. Since she was not at fault, the allowance of alimony was proper. The husband apparently does not complain of the amount, and could not reasonably do so.

The investment in the house was $2500. The wife claims that it was paid for wholly out of funds which she had earned, been loaned, or had received by way of allotment while her husband was in the service. On the other hand, it appears that she received from her husband, in addition to the allotment, something over $500, and also realized additional sums when she sold a school bus and an automobile he had owned. In addition, he gave her his mustering out pay. Altogether the wife received about $1200 from her husband, which it is reasonable to consider as having been invested in the house. In view of the fact that the judgment allowed the wife its use and occupancy, we think the Chancellor correctly refused to restore to her the husband's one-half interest therein.

Perceiving no error, the judgment is affirmed.